UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          -versus-<br><br>OSVALDO ROSA,<br><br>          Defendant. | No. 88 Cr. 111 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Osvaldo Rosa's motion for compassionate release based on the COVID-19 pandemic and other factors. (Dkt. nos. 47, 52, 55). The Government opposed the motion, (dkt. no. 54), and Mr. Rosa has filed several replies, (dkt. nos. 55-57). For the reasons set out below, the motion is denied.

I. **Background**

Defendant has a substantial criminal history, mostly dealing with drug trafficking. In 1988, he pleaded guilty in this District to one count of conspiracy to possess and distribute at least 100 grams of heroin and one count of possession with intent to distribute at least 100 grams of heroin (S.D.N.Y. Presentence Report ¶¶ 1, 4, 7), and was sentenced in February of 1989 to 74 months' imprisonment. (Dkt. no. 47 at 83).

In 1998, Defendant was convicted at trial in the Middle District of Florida of one count of conspiracy to distribute

1

heroin and cocaine hydrochloride and one count of conspiracy to import heroin and cocaine hydrochloride into this country. (Dkt. no. 47 at 106).  The Middle District of Florida Presentence Report ("M.D.Fl. PSR") found him to be a leader and organizer in distributing at least 24 kilos of heroin and five kilos of cocaine, (M.D.Fl. PSR ¶ 9), and he was sentenced to 500 months' imprisonments.  (Dkt. no. 47 at 107).  On November 17, 2000, the Eleventh Circuit summarily affirmed Defendant's conviction.  United States v. Rosa, 239 F.3d 368 (11th Cir. 2000).

   The conduct that was the basis of the Florida conviction was charged as an 'A' violation of Defendant's supervised release in the S.D.N.Y. case, and, in May of 1999, this Court sentenced Defendant to nine months of imprisonment on that charge.  Based on unrelated conduct, the Defendant was also sentenced to three months of imprisonment for a total of one year.  It is this one-year sentence that is the basis of Defendant's current motion.

   In September of 2015, Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence based on Sentencing Guidelines Amendment 782, and the Florida Court reduced his sentence from 500 months to 328 months.  (Dkt. no. 47 at 17-18).  The Government reports that the BOP calculates Defendant's release date as October 10, 2022.  (Dkt. no. 54 at 2).

In September of 2017, Defendant filed a motion to vacate his sentence, (dkt. no. 45), and in 2019, he filed a similar motion albeit with different exhibits, (dkt. no. 47).  The Government opposed, (dkt. no. 50), and in his reply Defendant raised for the first time compassionate release on the basis of COVID-19.  (Dkt. no. 52).  As noted above, the Government responded, (dkt. no. 54), and Defendant filed several replies, (dkt. no. 55-57).

On March 27, 2020, Defendant made an administrative request for compassionate release based on COVID-19, and the Warden denied it on April 17.

## II. **Applicable Law**

A district court may modify or reduce a term of imprisonment under certain conditions pursuant to 18 U.S.C. § 3582(c).  In relevant part, section 3582(c)(1)(A) provides that, after considering factors set forth in section 3553(a), a court may reduce the defendant's term of imprisonment where "extraordinary and compelling reasons warrant such a reduction," and where such a reduction is consistent with any applicable policy statements by the United States Sentencing Commission. See 18 U.S.C. § 3582.

Section 1B1.13 of the U.S. Sentencing Guidelines (the "Guidelines") sets forth the Commission's policy statement relevant to compassionate release under 18 U.S.C.

§ 3582(c)(1)(A).[1]  Guideline section 1B1.13, in relevant part, allows for a court to reduce a term of imprisonment where: (1) "[e]xtraordinary and compelling reasons warrant the reduction"; (2) the defendant is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "[t]he reduction is consistent with this policy statement."  See U.S. Sent'g Guidelines Manual § 1B1.13.

The bar for establishing "extraordinary and compelling reasons" is high.  The Guidelines' Application Notes provide three scenarios in which extraordinary and compelling reasons exist: (A) where the defendant is suffering from a terminal illness or serious condition which substantially diminishes his ability to provide self-care within the environment of a correctional facility; (B) where, among other things, the defendant is at least 65 years old and seriously deteriorating; or (C) where the defendant's family circumstances have changed such that he is the only available caregiver for a minor child or incapacitated spouse.  Id. at app. (1)(A)-(C).  The Application Notes also specify that "extraordinary and compelling reasons" may exist where, "[a]s determined by the

---

[1]  Pursuant to Dillon v. United States, 560 U.S. 817 (2010), any applicable policy statements are binding upon the court. Id. at 826-27 ("The statute thus establishes a two-step inquiry. A court must first determine that a [sentence] reduction is consistent with [the Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [the statute]").

Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the reasons listed above.  Id. at app. (1)(D).  To the extent that any of these factors exist, the defendant bears the burden of proving that they justify his release.  See United States v. Clarke, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

### III. Discussion

Defendant is 60 years old and suffers from asthma, having suffered an attack on July 20, 2020.  He now uses an albuterol sulfate aerosol inhaler daily.  He also suffers from mild hypertension and a variety of other maladies, including hyperthyroidism, dermatitis, hay fever, spinal, foot, and knee pain, bronchitis, and, in 2019, respiratory infection.  All of these conditions seem to be either resolved, as with the 2019 respiratory infection, or well-treated, as with Defendant's asthma.  Also, the Government has set out in detail the steps the BOP has taken to minimize the chances of contracting COVID-19.  Thus, the Court finds that Defendant has not carried his burden of demonstrating "extraordinary and compelling" circumstances warranting release.

Even if Mr. Rosa had done so, the Court would not exercise its discretion to grant release.  His prior criminal history and

disciplinary record demonstrate that he would be a danger to his community.  As noted above, Defendant was convicted of narcotics trafficking in 1988 and sentenced to 74 months' imprisonment.  Apparently, that sentence did not instill respect for the law, because while on supervised release Defendant organized the trafficking of 24 kilos of heroin and five kilos of cocaine.  And his sentence for that offense has already been reduced by 172 months.  Also, Defendant has received several disciplinary sanctions while incarcerated, including for disruptive conduct, possessing a hazardous tool, and fighting (although Defendant argues that he fought in self-defense).[2]  Taken together, the Court finds that Defendant would pose a danger to his community if released.

The Court recognizes that Defendant initially requested a reduction or vacation of his sentence based on United States v. Holloway, 68 F.Supp.3d 310 (E.D.N.Y. 2014), and made several other challenges to the sentence imposed in the Florida case, including an Apprendi/Booker challenge, a "trial penalty" challenge, and a Sentencing Guidelines Amendment 782 challenge.  (Dkt. no. 47 at 5-9).  In his later submissions, however,

---

[2]  The Court notes that Mr. Rosa has completed numerous courses while incarcerated, and he is to be congratulated for doing so.  Nevertheless, that achievement does not overcome the danger to the community that his release would pose.

Defendant appears to have abandoned those arguments or requested that they be construed as an argument for compassionate release.[3]

With respect to the Holloway argument, as the Court explained in United States v. Barnett, No. 90 Cr. 0913 (LAP), 2020 WL 137162 (S.D.N.Y. Jan. 13, 2020), Holloway does not create an independent avenue for relief, nor has the Government consented to any such relief here. See id. at *4 (citing Acuna v. United States, No. 07-cr-00615, 2016 WL 3747531, at *3 (D. Haw. July 8, 2016) ("The Government's approval is an essential element in granting relief under the Holloway decision.")). As such, Defendant's Holloway argument must fail.

The Court has considered Defendant's other arguments and finds them similarly meritless. Defendant's Apprendi/Booker and "trial penalty" arguments pertain solely to the sentence imposed in his Florida case, and not the sentence for violation of supervised release for which he seeks relief in his motions. Furthermore, the Application Notes to the Guideline for which Amendment 782 applies make clear that "[t]his section does not authorize a reduction in the term of imprisonment imposed upon

---

[3] See dkt. no. 52 at 1 ("The government also states that the petition presented makes 4 arguments as in an Apprendi/Booker challenge, when in reality it is not the purpose and scope of the petition itself."); see also dkt. no. 55 at 1 ("If this Honorable Court would . . . construe this 'Holloway Doctrine Motion,' filed for consideration for relief, as a Compassionate Release motion, then the Court should be apprised that in this regard Petitioner has coursed the appropriate administrative remedies.").

revocation of supervised release," and instead that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section."  U.S. Sent'g Guidelines Manual § 1B1.10, app. (7)(A).  Thus, Defendant's alternative arguments must fail as well.

### IV. Conclusion

For the reasons set out above, Defendant Rosa's request for compassionate release based on COVID-19 and other factors (dkt. nos. 47, 52, 55) is denied.  The Clerk of the Court shall mail a copy of this order to Mr. Rosa.


SO ORDERED.

Dated:  September 28, 2020
        New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge